## ROSSVILLE COMMERCIAL ALCOHOL CORP v COMMONWEALTH OIL CO

Ohio Common Pleas, Mahoning Co

Oscar Brown, Asst. Atty. Gen., Columbus, for State.

Chas. S. Druggan, Columbus; C. H. Hoyt, Columbus, Special Ass'ts of the Attorney General, William Mason, Youngstown, David Steiner, Youngstown, and Frank Fisher, Youngstown, for receiver.

By LYON, J.

The evidence shows in this case that the receiver, John L. Marsh, was duly appointed by this court on June 1, 1931, and immediately qualified and is now the acting receiver herein, and has been from the date of his appointment;

"That the Tax Commission of the state of Ohio on June 22, 1931, filed its claim as a preferred claim with the receiver in the sum of $17,731.12; that said claim was for gasoline tax accruing during the months of October and December, 1930, and January and March, 1931, and remained unpaid at the time the receiver was appointed;

"That the receiver duly rejected the claim of the Tax Commission of the state of Ohio as a preferred claim under date of September 10, 1931;

"That on the appointment of the receiver the defendant corporation had a bank balance of $86.32, and that during the period for which these taxes became due and up until the time of the appointment of the receiver, the defendant corporation did not purchase any equipment and only such merchandise as was immediately resold in the regular course of business;

"That the corporation at the time of the appointment of the receiver was insolvent, owing debts of approximately $80,000.00, and that the receiver's appraisement shows assets of approximately $30,000.00;

"That the Commonwealth Oil Company, an Ohio corporation, was a duly registered and licensed dealer of Ohio on all of the dates mentioned in the stipulations, and all of the dates on which the above mentioned taxes and penalties accrued, under §5526, et seq GC.

"That following the existence of the delinquency in the payment of the taxes mentioned herein, the Attorney General, representing the Tax Commission, did not issue a distraint warrant as provided in the gasoline tax law of Ohio;

"That no part of the said sum of $17,-731.12 had been paid to the state of Ohio;

"That this matter came on for hearing upon the written application of the receiver requesting the approval by the court of the receiver's action in rejecting the claim as a preferred claim."

The questions presented to the court are upon the motion by the receiver to approve his action in rejecting the claim of the Tax Commission of Ohio as a preferred claim. Under the evidence as above related the defendant company was an operator of gasoline stations and a licensed dealer in gasoline under the laws of Ohio. It was delinquent in payment of what is commonly known as the Gasoline Tax in the sum of $17,731.12.

Does the claimant, the state of Ohio, come under the class of a general creditor or is it a preferred claimant? The attitude taken by the receiver is that it is not a preferred claim and comes under the classification of general creditor. The state resists this position taken by the receiver and asks the court that it be made a preferred creditor.

The position taken by the receiver is supported by former decisions on the same subject matter in Ohio, and he cites the court THE STANDARD OIL COMPANY v VALLEY HOME SERVICE, tried and determined in Belmont County, Ohio, the gist of the opinion being that the tax in the first instance is paid by the purchaser of gasoline to the dealer and the dealer is simply the agent of the state in collecting this tax. The court is informed by the attorneys, in this case, that that case was not presented on the same theory as this case to this court.

In the case of the **City of Cincinnati v Cincinnati Oil Works, 123 Oh St, 450,** our Supreme Court held:

"The state gasoline tax is imposed by the state upon the business of the owner of the filling station and not upon the consumer of the gasoline,"

so that the question of principal and agent, as has been heretofore the line of holding, would not be applicable to this case or cases similar, for if the tax is upon the business then the business is responsible for the payment thereof. In other words, the tax is not upon the thing or product sold but rather upon the business of the dealer.

It is an academic proposition that taxes are not debts; the element of contract does not exist, but rather the principle or application of the right of sovereignty.

With the profound respect for the opinions of the eminent jurists who have passed upon this question before, this court is not in accord or agreement, and differs as to the conclusions reached.

In this case the evidence reveals that a distraint warrant had not been issued as provided under the statute. By an examination of the statutes the distraint procedure is the only method provided by the Legislature for the collection of delinquent taxes of this character.

The question is raised and seriously argued that the Legislature did not provide that the gas tax should be preferred as against other creditors.

This court holds that by and through the state's sovereign power an enabling act of the Legislature is not necessary to create a lien; it is an indefeasible right of sovereignty that the state has a preferred claim upon the assets of this estate in the hands of the receiver by reason of the right and power of sovereignty, it being a tax on the business as contemplated by the statute for the benefit of all the citizens of the state even though the Legislature restricted the revenues to road-building and repairs of roads in Ohio. Surely, we cannot say that is not a revenue collected for the benefit of all and for the general welfare of the citizens of the state.

The "Gasoline Tax" is a tax impressed upon the business of the estate in question, and therefore a preferred claim upon the assets of the estate.

All contracts are made in conformity with constituted law. Therefore, all creditors dealing with concerns handling gasoline contract with this provision of law incorporated therein.

The common law prevails in Ohio and the right to impose and collect taxes is one of the attributes of government, and is the life-giving element to government, it is the food, the provender of government, and unless and in such instances as the Legislative power of the government makes a special exception by legislative enactment or restrictive methods of procedure, or that a tax be other than preferred claim, the tax of the state is a preferred claim.

Therefore, concluding upon the subject matter of the law and facts in this case the court finds that the receiver should recognize and pay to the state of Ohio as a first and best lien upon the assets of the estate after the costs of administration.

Exceptions to the receiver; Bond excused for appeal.